**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 26 2004

JAMES W. McCORMACK, CLERK
By:_____
　　　　　　　　　　　　DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

|  |  |
|---|---|
| Henry Harris; Sandra Harris; Chavon Harris Rasheed; Lorraine Nelson; Dock Robinson; Willie Mae Robinson; Rodney Barefield; Annitha Harris; Martha Campbell; Cassandra Elston; Rosalind Thomas; Vernon Thomas; Carmencita Jews; Lisa Campbell; Johnnie Campbell, III; Carolyne Adkins; Willie Mae Hewing; Pearlie Bass; James Bass; Karlos Bass; Burl Copeland; Gwendolyn Wilbarger; Tammy McGill; Pamela Wilbarger; Shawn Jones; Tiffany Kelley; LaShawn Kelley; John Stapleton; Gwen Stapleton; Fannie Luster; Phillip Luster; Charles Anderson; and Robert Lanum, III, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 4-03-CV-604 GTE |
| ) ) | |
| Cracker Barrel Old Country Store and CBRL Group, Inc., ) ) | |
| De fendants. ) ) | |

**MEMORANDUM IN SUPPORT OF
<u>PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND/OR MOTION TO QUASH</u>**

Defendants have served a premature and improper subpoena duces tecum under

Federal Rule of Civil Procedure 45 on Chris Tripoli, who has been retained by Plaintiffs as an

expert. Rules 26 and 30, which set forth the boundaries of expert discovery, prohibit Defendants

from seeking this discovery. Those rules prohibit a subpoena, like the one served on Mr. Tripoli,

that is served before the designation of a testifying expert and before the filing of expert reports

and that is not accompanied by a notice of deposition. Thus, Plaintiffs are entitled to a protective

64

order quashing the subpoena and ordering that Defendants may not seek this improper discovery until – and only if – Mr. Tripoli has been properly named as a testifying expert.

## BACKGROUND

On May 17, 2004, Chris Tripoli – an expert retained by Plaintiffs in this case – received a document subpoena from Defendants Cracker Barrel Old Country Store, Inc., and CBRL Group, Inc. (collectively, "Cracker Barrel"). The subpoena purports to require Mr. Tripoli to produce documents relating to a list of topics assertedly relevant to the litigation for which he has been retained.[1] The subpoena was served by Cracker Barrel as part of ongoing litigation between Cracker Barrel and 33 Arkansas plaintiffs, all of whom were customers of Cracker Barrel restaurants and allege that Cracker Barrel engaged in a pattern and practice of discrimination, including specific acts of discrimination against each of the individual plaintiffs. This Court recently set the trial date for this action for January 10, 2005. The Court has not yet issued a deadline for the designation of testifying experts or testifying expert reports, although the Court's most recent order states that it intends to schedule such dates after it decides whether expert testimony will be allowed.[2]

Plaintiffs retained Mr. Tripoli to serve as an expert on public accommodations policies and procedures in the restaurant industry. Mr. Tripoli is President of A'La Carte Foodservice Consulting Group, a network of professionals specializing in the hospitality industry.

---

[1]     A copy of the subpoena is attached as Exhibit A.

[2]     The Court set June 15, 2004, as the date b y which Plaintiffs' counsel must move to allow the admission of expert testimony. Plaintiffs intend to file such a motion.

The subpoena is not accompanied by a notice of deposition. Although it was filed in the U.S. District Court for the Southern District of Texas, it orders Mr. Tripoli to produce documents at the office of Defendants' counsel in Atlanta, Georgia. (*See* Tripoli Subpoena.)

The subpoena directs Mr. Tripoli to produce the requested documents by Tuesday, May 27, 2004.

## ARGUMENT

Defendants' subpoena is improper. First, Rules 26(b)(4) and 30 prohibit the subpoena of documents from a party's retained expert without an accompanying notice of deposition. Second, Rule 26(a)(2) provides a strict schedule for expert discovery, and Defendants cannot circumvent that schedule by use of a Rule 45 subpoena. Thus, this Court should issue a protective order, pursuant to its authority under Federal Rule of Civil Procedure 26(c), preventing Defendants from enforcing their improper subpoena.[3]

## I.    THIS COURT SHOULD PROHIBIT ENFORCEMENT OF DEFENDANTS' SUBPOENA BECAUSE THE SUBPOENA FLOUTS RULE 26'S PROVISIONS FOR EXPERT DISCOVERY.

Mr. Tripoli may only be a testifying expert for the purposes of Rule 26 if and when his identity is disclosed to Defendants along with an accompanying expert report. *See* Fed. R. Civ. P. 26(a)(2)(A-B). Without such a disclosure and report, Mr. Tripoli will not be "expected to be called as a witness at trial," and Defendants will need to show "exceptional circumstances" to seek any discovery from him at all. Fed. R. Civ. P. 26(b)(4)(B). Since Plaintiffs have not yet designated Mr. Tripoli as a testifying expert, and this Court has not yet

---

[3]    Although the subpoena was issued in Texas, this Court has jurisdiction to issue a protective order quashing it under Federal Rule of Civil Procedure 26(c) ("the court in which the action is pending . . . may make any order which justice requires").

decided whether Mr. Tripoli can testify at trial and has not set any Rule 26(a)(2) deadlines for expert reports, any efforts to seek discovery from Mr. Tripoli are premature.

In *Perry v. United States*, the U.S. District Court for the Northern District of Texas held that attempts by the plaintiffs to discover expert opinions were premature when they issued before the exchange of Rule 26(a)(2) reports. *See Perry v. United States*, No. CA:3-96-CV-2038-T, 1997 U.S. Dist. LEXIS 23875, at *4 (N.D. Tex. Feb. 4, 1997); *see also id.* at *11-12 (protecting the defendant's expert from discovery "until such time as final expert designations are made in accordance with the District Court's scheduling order"). Indeed, Magistrate Judge Boyle stated, "A party may not circumvent the limitations of Rule 26 and gain access to opposing expert evidence via a bare subpoena duces tecum." *Id.* at *4.

Discovery from an expert is not generally permitted unless the expert is "expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). Plaintiffs eventually *may* designate Mr. Tripoli as an expert who will testify at trial. Without such designation and without an expert report, however, Defendants may neither depose Mr. Tripoli nor serve him with a subpoena duces tecum. *See Perry*, 1997 U.S. Dist. LEXIS 23875, at *9-10 (until a party is "required to make a final decision regarding expert testimony," attempts to discover expert information are premature); *Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd., Partnership*, 154 F.R.D. 202, 206 (N.D. Ind. 1993) (until party "affirmatively has to identify a testifying expert, they are entitled to assert that [the expert] will not be a witness").

## II.    THIS COURT SHOULD PROHIBIT ENFORCEMENT OF DEFENDANTS' SUBPOENA SINCE IT IS NOT ACCOMPANIED BY A DEPOSITION NOTICE.

Rule 26(b)(4) governs the gathering of facts and opinions held by non-party experts who have been retained to testify for a party at trial. *See Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992). Specifically, Rule 26(b)(4)(A) provides that a party "may depose any

4

person who has been identified as an expert whose opinions may be presented at *trial*." Fed. R. Civ. P. 26(b)(4)(A) (emphasis added).

Rule 30 governs the expert depositions provided for by Rule 26(b)(4)(A). It states: "If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena *shall be attached to, or included in,* the [deposition] notice." Fed. R. Civ. P. 30(b)(1) (emphasis added).

Defendants cannot seek via Rule 45 what they cannot obtain under Rules 26 and 30. *See Smith v. Principal Cas. Ins. Co.*, 131 F.R.D. 104, 105 (S.D. Miss. 1990) ("Rule 26(b)(4) is specific in stating the 'only' ways discovery can be had of experts."); *Quaile v. Carol Cable Co.*, No. 90-7415, 1992 U.S. Dist. LEXIS 15154, at *4 (E.D. Pa. Oct. 2, 1992) ("a subpoena under Fed. R. Civ. P. 45, with respect to experts expected to be called at trial, is limited by Fed. R. Civ. P. 26").

In *Marsh v. Jackson*, the U.S. District Court for the Western District of Virginia held that Rules 26 and 30 prohibit a Rule 45 subpoena that is unaccompanied by a deposition notice. "None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit[s] the use of bare Rule 45 subpoenas duces tecum." *Marsh*, 141 F.R.D. at 433. The *Marsh* court addressed a party's identical attempt to circumvent the provisions for expert disclosure by issuing a Rule 45 subpoena. The court quashed the subpoena, stating that Rule 26(b)(4) "remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify on behalf of an opposing party." *Id.* at 432. Rules 26 and 30, the court said, act as a brake "on the potential runaway use of the subpoena duces tecum to compel the production of the evidence of experts retained by a party to testify at trial." *Id.*

Rules 26 and 30 prohibit "runaway" subpoenas like this one. Any subpoena of a testifying expert served without a deposition notice violates the Federal Rules, and Plaintiffs are entitled to a protective order stating that such a subpoena shall not be answered.

## CONCLUSION

In short, Defendants' subpoena is in sharp conflict with the instructions for expert discovery embodied in Rules 26 and 30. This Court should therefore issue a protective order quashing the subpoena and prohibiting Defendants from seeking any discovery from Mr. Tripoli unless and until Plaintiffs designate him as a testifying expert in accordance with any expert-related orders that may be issued by this Court.

Respectfully submitted,

Anthony Herman
Caroline M. Brown
Heidi C. Doerhoff
Jennifer L. Saulino
Jeremy D. Kernodle
Matthew K. Handley
Jason M. Knott
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202-662-6000
Fax: 202-662-6291

Philip E. Kaplan (Bar No. 68026)
KAPLAN, BREWER, MAXEY & HARALSON, P.A.
415 Main Street
Little Rock, AR 72201
Tel: 501-372-0400
Fax: 501-376-3612

Roderic V. O. Boggs
Susan E. Huhta
WASHINGTON LAWYERS' COMMITTEE

FOR CIVIL RIGHTS & URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, DC  20036
Tel:  202-319-1000
Fax:  202-319-1010

*Counsel for Plaintiffs*

Dated: May 26, 2004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2004, a true and correct copy of the foregoing Plaintiffs'
Proposed Order, Plaintiffs' Motion for Protective Order, and Memorandum in Support of
Plaintiffs' Motion for Protective Order was served via facsimile and first-class mail, postage
prepaid, to the following persons at the addresses shown below.

Jason M. Knott

Jack A. McNulty, Esq.
Bridges, Young, Matthews, & Drake PLC
315 East Eighth Avenue
P. O. Box 7808
Pine Bluff, Arkansas 71611
Facsimile:  870-534-5582

R. Lawrence Ashe, Jr., Esq.
Nancy E. Rafuse, Esq.
David E. Gevertz, Esq.
Carmen Butler, Esq.
ASHE & RAFUSE, LLP
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Facsimile:  404-253-6060

*Counsel for Cracker Barrel Old Country Store,
Inc. and CBRL Group, Inc.*

## CERTIFICATE OF COMPLIANCE WITH
## FED.R.CIV.P. 37(a) AND LOCAL RULE 7.2(g)

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 7.2(g), the parties in this action have conferred in good faith on the specific issue in dispute herein, and they are not able to resolve their disagreements without the intervention of the Court.

Jason M. Knott

Dated: May 26, 2004

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

# *Exhibits Attached to Original Document in Courts's Case File*